# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re:<br><br>JUDITH LYNN SWEET,<br><br>    Debtor. | Case No.  08-14349-RGM<br>(Chapter 7) |
| RICHARD A. BARTL,<br><br>    Plaintiff,<br><br>vs.<br><br>SAUL SUBSIDIARY I LIMITED PARTNERSHIP,<br><br>    Defendant. | Adv. Proc. No. 10-1402 |

## MEMORANDUM OPINION

THIS CASE was before the court on the trustee's motion to settle an adversary proceeding which he filed against Saul Subsidiary I Limited Partnership. The object of the adversary proceeding was to collect a judgment entered against Saul Subsidiary I Limited Partnership in the General District Court of Prince William County. The settlement provided that Saul Subsidiary I Limited Partnership would pay the judgment to the trustee. Richard C. Addi, the debtor's husband, objected to the settlement asserting that he was the owner of Gold Star Specialty Painters, the plaintiff in that case. If he was the owner of Gold Star Specialty Painters, the judgment should be paid to him. If, however, the debtor was the owner of Gold Star Specialty Painters, the judgment should be paid to the trustee.

A hearing was held on April 26, 2011. The warrant in debt, which was prepared by an

attorney, shows the plaintiff as "Gold Star Speciality Painters and Judith Sweet". There is no relationship given between Gold Star Specialty Painters and Ms. Sweet. All of the parties agree that Gold Star Speciality Painters is an assumed or fictitious name of a sole proprietorship. Mr. Addi asserts that the sole proprietorship belongs to him.

There are a number of difficulties with Mr. Addi's position. First is the petition Ms. Sweet filed in this court on July 23, 2008. As a part of the voluntary petition, she was required to list all names used by her within the last eight years. She listed five such names which included Judith L. Addi and Judith L. Sweet-Addi. But the one relevant here is "Gold Star Spec. Painting". Mr. Addi was aware of the filing of the petition in this case and attended court on a number of occasions. He never raised the propriety of Ms. Sweet listing "Gold Star Spec. Painting" as a trade name for her. Ms. Sweet was principally engaged in the business of paving roads and parking lots and of painting or striping them.

The judgment in the General District Court was for a job commenced after the filing of the petition in bankruptcy in this case. The contract documents and invoices refer to Ms. Sweet, but not to Mr. Addi.

Mr. Addi presented Form 1099's which he says shows his ownership interest in Gold Star Speciality Painters. The 1099's are issued by people for whom Gold Star Speciality Painters worked. They were issued generally in the name of Gold Star Speciality Painters.

In Virginia, only individuals and entities that have a legal existence may be plaintiffs.[1]  A sole proprietorship sues and is sued in the name of the owner. It is not sued in its assumed or fictitious name. The accepted caption of a suit is "John Doe trading as ABC Company". The

---

[1] This has been modified for unincorporated associations which are permitted to sue and be sued in the name of the association. Code of Virginia (1950) §8.01-15.

warrant in debt in this case is not wholly proper because it does not show the relationship between the fictitious name and Judith Sweet. However, judgment could not have been entered in favor of Gold Star Specialty Painters because it is not a separate legal entity. The ambiguity as to the name of one of the plaintiffs in the General District Court suit should be resolved in a manner which would result in a valid judgment not a void judgment. This can only be done if Judith Sweet is the sole plaintiff and Gold Star Speciality Painters is the name of her sole proprietorship. This is consistent with her voluntary petition in bankruptcy that was filed less than two years earlier.

The 1099's are not persuasive evidence. To the extent that they only mention the name Gold Star Specialty Painters, they do not show ownership of Gold Star. Mr. Addi argues that he included the income on his federal and state income tax returns. While this may show Mr. Addi's state of mind, it is not conclusive as to the ownership of the sole proprietorship. The trustee is not bound by Mr. Addi's tax returns. He was not a party to them. He did not prepare them or participate in preparing or filing them. More persuasive evidence would be evidence of who solicited the jobs for Gold Star; who answered the telephone; who paid the rent on the premised used; who bought and maintained the equipment used; who supervised the jobs; who received payments; and who paid the workers. Mr. Addi did not present this evidence. He only asserted he paid the taxes on the income earned.

Based on the evidence presented, particularly Ms. Sweet's petition in bankruptcy which listed Gold Star as a name she used and her name on the warrant in debt, the court finds that the sole proprietorship known as Gold Star Specialty Painters was owned solely by Judith Sweet, the debtor in this case. Mr. Addi's objection is overruled and the settlement requiring the judgment to be paid to the trustee is approved.

DONE at Alexandria, Virginia, this 26th day of September, 2011.

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Derek K. Prosser
Eric F. Schell

Copy mailed to:

Richard C. Addi
5490 Large Oak Court
Woodbridge, Virginia 22192

17194